Barbara HANDSCHU, Ralph Digia, Alex McKeiver, Shaba Om, Curtis M. Powell, Abbie Hoffman, Mark A. Segal, Michael Zumoff, Kenneth Thomas, Robert Rusch, Anette T. Rubenstein, Michey Sheridan, Joe Sucher, Steven Fischler, Howard Blatt and Ellie Benzone, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

SPECIAL SERVICES DIVISION, a/k/a Bureau of Special Services, William H.T. Smith, Arthur Grubert, Michael Willis, William Knapp, Patrick Murphy, Police Department of the City of New York, John V. Lindsay and various unknown employees of the Police Department acting as under-cover operators and informers, Defendants.

No. 71 Civ. 2203(CSH).

United States District Court, S.D. New York.

March 21, 2003.

Paul G. Chevigny, Jethro M. Eisenstein, Profeta & Eisenstein, Martin R. Stolar, Franklin Siegel, Attorneys for plaintiff class, Arthur Eisenberg, New York Civil Liberties Union, appearing with attorneys for plaintiff class, New York City, for Plaintiffs.

Gail Donoghue, Special Assist. Corp. Counsel, New York City, for defendants.

## MEMORANDUM AND ORDER

HAIGHT, Senior District Judge.

The Court is entering concurrently herewith an Order and Judgment modifying the previously entered consent decree in this case and the Handschu Guidelines which formed an integral part of that decree.

As specified in the Court's Opinion and Order dated February 13, 2003, reported at 2003 WL 302258 (S.D.N.Y.), the second condition which the NYPD had to satisfy to obtain that Judgment required the filing and service of "an affidavit or declaration by an officer of sufficient rank, attesting that patrol guides containing the text contemplated by Condition 1 have in fact been distributed to all unit commanders involved, with directions to call the text to the attention of the police officers under their command." *Id.*, at *21.

I am satisfied by the declaration of Deputy Chief Edwin A. Young, dated March 19, 2003, that the NYPD has fulfilled that condition. While the approved text of the

modified Handschu Guidelines has not yet been physically inserted into the NYPD Patrol Guides, that will be done when changes are next "compiled and incorporated on a periodic basis." Young Decl. at ¶ 5. Chief Young's declaration shows that the Guidelines were communicated to all NYPD commanders on March 19, 2003 by the FINEST system, "an electronic communication system which links all commands within the NYPD." *Id.* at ¶ 3. On March 19, 2003, "a FINEST message containing the Guidelines was transmitted to all commanders directing their posting in all commands, and instructing supervisory personnel to bring them to the attention of all members of the service." *Id.* at ¶ 4. "{[A]t the next periodic revision of the Patrol Guide, [the Guidelines] will be formally incorporated as a section of the Guide." *Id.* at ¶ 5. In the circumstances, this is sufficient compliance with Condition 2.

Since the NYPD's adoption into the Patrol Guide of the substance of the 2002 FBI Guidelines was a condition of the Court granting the NYPD's motion to modify the Handshcu Guidelines, the NYPD must apply to the Court, on notice to class counsel, for leave to amend the text of the modified Handschu Guidelines that has been approved by the Court.

As indicated in this Court's February 13, 2003 opinion, 2003 WL 302258, at *21, the Judgment being entered herein provides that its execution is stayed for ten (10) days following the date of entry, with any further stay to be sought by class counsel from the Court of Appeals. I take the liberty of suggesting to the able and dedicated class counsel that if they decide not to appeal this Court's Judgment, they promptly give the Court and Corporation Counsel notice in writing, so that the modified Handschu Guidelines will come into effect sooner rather than later. The third

decretal paragraph in the Judgment reflects that suggestion.

The foregoing is SO ORDERED.